UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER LYNN LUEKEN, on behalf of Richard D. "Rick" Lueken,<br><br>   Plaintiff,<br><br> v.<br><br>BARNES-JEWISH HOSPITAL and JASON RICH, M.D.,<br><br>   Defendants. | Case No. 20-cv-1346-JPG |

**MEMORANDUM AND ORDER**

  This matter comes before the Court for *sua sponte* reconsideration of its March 15, 2021, order and judgment dismissing this case for failure to state a claim over which this Court has subject matter jurisdiction (Docs. 12 & 13).  As noted in that order, the Court had ordered plaintiff Jennifer Lynn Lueken to show cause on or before February 26, 2021, why the Court should not dismiss this case for lack of subject matter jurisdiction (Doc. 11).  By March 15, 2021, more than two weeks after the deadline for Lueken to show cause, the Court had not received anything from her, so the Court entered final judgment on the reasonable assumption that Lueken had not responded.

  However, the following day, the Court received the Amended Complaint through the U.S. Postal Service postmarked February 18, 2021 (Doc. 14).  It appears Lueken mailed it at a time when a reasonable person would have expected it to be received by the Court's February 26, 2021, deadline.  The mailing actually took nearly four weeks to arrive.  In light of this shocking delay by the U.S. Postal Service, caused in no part by Lueken herself, justice requires reconsideration of the Court's final order and judgment in this case.  Federal Rule of Civil Procedure 60(b)(1) provides an avenue for such reconsideration where the original judgment was

a result of "mistake, inadvertence, surprise, or excusable neglect."

The Court originally dismissed this case because Lueken had pled no basis for this Court to exercise federal jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1), and the Court was unable to discern a supportable basis for its jurisdiction from the other allegations in the Complaint.  Twice, the Court noted this defect, gave basic instruction for pleading diversity jurisdiction (which the Court thought might apply), and suggested Lueken retain a personal injury lawyer to assist her (Docs. 8 & 11).  It further warned her that if she failed to file an amended complaint that adequately pled federal subject matter jurisdiction, the Court would deny her motion for leave to proceed *in forma pauperis* (Doc. 4) and would dismiss her case for lack of jurisdiction.  When it appeared Lueken had failed to respond to the Court's order to show cause, it did just that.

The Court now considers the Amended Complaint (Doc. 14) Lueken has tendered in response to the Court's show cause order.  In her Amended Complaint, Lueken recounts her deceased husband's health ordeal in great detail, but she still does not plead the citizenships of the parties or any other basis for federal jurisdiction.  Furthermore, she alleges negligence of additional individuals and/or facilities located in Illinois, which, if added as defendants in this case, would raise further doubts about whether the Court has diversity jurisdiction to hear this dispute.  Because Lueken's Amended Complaint does not correct the shortcomings in the original Complaint in that it still fails to establish a basis for federal subject matter jurisdiction, the Court declines to vacate the final order and judgment in this case.

**IT IS SO ORDERED.**
**DATED:  March 19, 2021**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**